IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

**ALVIN GEORGE RYE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 41200256     Ross H. Hicks, Judge**

_____

**No. M2015-01294-CCA-R3-PC – Filed February 5, 2016**
_____

Petitioner, Alvin George Rye, sought post-conviction relief in Montgomery County following his no contest plea to one count of attempted rape of a child. The petition for relief was dismissed after a hearing. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROGER A. PAGE, J., joined.

Gregory D. Smith, Clarksville, Tennessee for the petitioner, Alvin George Rye.

Herbert H. Slatery III, Attorney General and Reporter; David H. Finley, Senior Counsel; John W. Carney, District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

Petitioner and his wife were indicted in a multi-count indictment in March of 2012 by the Montgomery County Grand Jury for events that took place in 2008 and 2009. The charges against Petitioner included eight counts of rape of a child and four counts of criminal responsibility for rape of a child. The victims at issue were Petitioner's daughters, who were born in 2001 and 2006.

At the November 20, 2013 plea hearing, trial counsel for Petitioner informed the court that, had the case gone to trial, the victim would not have testified because,

"whether as a result of these offenses and/or other causes[, she] has been involuntarily placed in a mental institution." The victim suffered from "mental trauma." The State would have relied on proof in the form of statements given by the victim for the purposes of medical diagnosis and treatment, an admission by Petitioner as to count one, and testimony of Petitioner's wife. Essentially, Petitioner admitted that he "was drunk and in the bathroom on the bathroom floor when a female walked in and he reached up believing it to be his wife . . . , felt between her legs, then [] discovered after a few moments that no, this was his daughter, who was nine or ten years old." The proof would also show that the defendant's wife was a large woman, weighing nearly 250 pounds.

The State informed the trial court that the plea agreement was a "compromise" to reduce count one of the indictment to attempt to commit rape of a child in exchange for a twelve-year sentence to be served at thirty percent. Petitioner would also be subject to community supervision for life, registration as a sex offender, attendance at treatment for sex offenders, and termination of his parental rights. The trial court accepted the plea agreement.

On July 11, 2014, Petitioner filed a pro se petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel, that his guilty plea was involuntary, and that there was newly discovered evidence. Counsel was appointed and an amended petition was filed.

At a hearing on the petition, Petitioner stated that he was thirty-five years old and had a ninth grade education. He testified that he met with trial counsel about three times prior to the plea and received a discovery packet but had "trouble understanding some of it." Each meeting lasted "[a]bout ten or fifteen minutes." Petitioner did not understand all of the terms used in the indictment, including fellatio, but admitted he knew these unfamiliar words related to sex. Petitioner claimed that he did not have all the "forensic science and everything" together in order to enter the plea. Additionally, Petitioner testified that he did not understand that the sentencing range of thirty percent did not guarantee parole after service of thirty percent of the sentence and that he did not understand he was going to be on probation for the rest of his life. Petitioner claimed that he did not discuss the elements of the offenses at issue, specifically penetration, with trial counsel.

Trial counsel testified that he had been practicing law for "roughly thirty years" solely in the area of criminal law. Trial counsel met with Petitioner "[a]t least five times" and presented him with a discovery packet. Petitioner asked questions about the packet but none of them involved vocabulary. Trial counsel explained to Petitioner that there was no DNA evidence but that the State could prove its case without any DNA evidence because there was an admission and his wife was willing to testify against him at trial. Trial counsel recalled that, at first, the State wanted to go to trial because Petitioner had

"prior convictions for child pornography" and was on probation at the time of the offense. Trial counsel recalled that the "evidentiary problems" with the child victim's testimony emerged about four months prior to the settlement. Trial counsel recalled discussing the terms of the plea agreement with Petitioner, "specifically alert[ing] him to the community supervision for life." Petitioner indicated to trial counsel that he did not like but understood the terms of the plea. Trial counsel admitted that he was unaware that Petitioner dropped out of school. Trial counsel testified that this knowledge could have changed the way he presented issues to Petitioner as he would have probably used "high school words" for things "like fellatio and cunnilingus." It would not have changed any other facet of the negotiation.

At the conclusion of the hearing, the post-conviction court looked at the transcript of the plea and sentencing hearing and determined that the trial court held a "lengthy and thorough discussion of the consequences of [the] plea with [Petitioner]." The post-conviction court also noted Petitioner's repeated acknowledgement of his understanding from the plea hearing. The post-conviction court concluded:

> despite his protestations to the contrary, if there is any indication that [Petitioner] doesn't have a clear understanding of what is going on and what was going on, even the fact of his testimony today that he - - questions of whether he could possibly understand that if the Court granted his wishes, he's back facing two hundred years. If there is any questioning to be done of anyone's judg[]ment in this matter, it would be the questioning of [Petitioner's] judg[]ment and the capacity today to understand the significance of - - and the foolhardiness of asking the court - - the decision he is asking the Court to make.
>
> . . . .
>
> [Petitioner] knew what he was doing. [Counsel] represented him well and competently . . . .

The post-conviction court denied the petition. Petitioner filed a timely appeal.

*Analysis*

Petitioner challenges the denial of post-conviction relief on appeal. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, this Court

gives deference to the trial court's decision on questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence. *Momon*, 18 S.W.3d at 156 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This court will not reweigh or reevaluate the evidence presented below and is bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law and application of the law to the facts are subject to de novo review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

### *I. Ineffective Assistance of Counsel*

Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. The test for ineffective assistance of counsel is a two-prong test: a petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Because a petitioner must establish both prongs . . . to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance is considered reasonable "if the advice given or the services rendered [were] within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. However, this Court will not use hindsight to second guess counsel's tactical decisions unless the choices were uninformed because of inadequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, the specific inquiry is whether "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to

trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The post-conviction court, in its order denying the petition, found that Petitioner failed to prove by clear and convincing evidence that trial counsel's performance was deficient. The post-conviction court found that trial counsel met with Petitioner several times to discuss the case and negotiated a settlement with the State. The post-conviction court concluded that trial counsel was a credible witness and rejected Petitioner's claim that trial counsel did not meet with and discuss the case adequately with Petitioner. Questions concerning the credibility of witnesses and the weight to be given to their testimony are matters for the post-conviction court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Nothing in the record preponderates against the post-conviction court's findings. Because Petitioner did not establish deficient performance on the part of trial counsel, we need not address the prejudice prong of the *Strickland* test.

## II. *Voluntariness of Plea*

Petitioner also contends that his guilty plea was entered unknowingly and involuntarily. Petitioner asserts that he did not fully understand the plea because trial counsel failed to fully explain the terms of the plea agreement. The State asserts that the record shows that Petitioner knowingly, voluntarily, and understandingly pleaded guilty. We agree.

When reviewing a guilty plea, the primary question is whether it was entered knowingly, voluntarily, and understandingly. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43). Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of his mental facilities" at the time it is entered. *Id.* (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

To determine whether a plea has been made knowingly, voluntarily, and understandingly, a court must look at the totality of the circumstances, including such factors as:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty,

> including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904). "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of these choices." *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994). Moreover, "[t]he entry of a plea of guilty to avoid a . . . risk [of] greater punishment does not, standing alone, make the plea involuntary." *Id.* at 381(citing *Capri Adult Cinema v. State*, 537 S.W.2d 896, 898 (Tenn. 1976) (other citations omitted)); *see also Brady v. United States*, 397 U.S. 742, 748-50 (1970); *Hicks v. State*, 983 S.W.2d 240, 248 (Tenn. Crim. App. 1998).

The post-conviction court found that Petitioner was not entitled to relief on the basis that his plea was entered unknowingly or involuntarily. The post-conviction court noted that trial counsel explained the terms of the agreement during the guilty plea hearing. The post-conviction court reminded Petitioner that if his plea was withdrawn and the case started anew, he would be facing over two hundred years in incarceration on the charges as originally stated in the indictment. As stated above, a post-conviction court's factual findings are given a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. We have found nothing in the record to preponderate against the post-conviction court's findings. Petitioner has failed to prove that trial counsel did not discuss the plea with Petitioner prior to its entry.

Moreover, the transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. The trial court thoroughly questioned Petitioner to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Furthermore, Petitioner has failed to prove he did not understand the consequences of his plea. The post-conviction court denied relief because Petitioner did not meet his burden to prove by clear and convincing evidence that his plea was not knowingly and voluntarily entered. Nothing in the record preponderates against the post-conviction court's findings.

*Conclusion*

Upon thorough review of the record, we determine that Petitioner has failed to prove by clear and convincing evidence either that he received ineffective assistance of

counsel or that his guilty plea was entered unknowingly or involuntarily.  We, therefore, affirm the decision of the post-conviction court.


_____
TIMOTHY L. EASTER, JUDGE